OPINION
{¶ 1} Defendant-appellant, Malachi Hopkins, appeals his conviction in the Butler County Court of Common Pleas for possession of a weapon while under a disability. We affirm appellant's conviction.
 {¶ 2} Trenton police received information of a possible domestic situation involving appellant and his wife, Jessica Hopkins, on April 23, 2004. Police went to appellant's residence to determine if Mrs. Hopkins was safe and whether she was being held against her will.
 {¶ 3} Appellant answered the door and told officers that nothing was going on and attempted to close the door. An officer put his hand up and told appellant to "hold on" and that they needed to talk to Mrs. Hopkins to see if she was ok. Appellant said he would go get her and again started to shut the door. Officers requested that appellant keep the door open. The officers asked if they could come in, and appellant stepped back and allowed them inside.
 {¶ 4} Mrs. Hopkins came down the stairs with a noticeable bruise under her eye. She went into the kitchen to speak with two of the officers while appellant stayed in the living room with other officers. Mrs. Hopkins did not want to make any kind of statement to the police, but indicated that she wanted to leave and asked if the officers would stay there while she retrieved her things and clothes for her children from upstairs. Detective Zianno asked Mrs. Hopkins if she needed help getting her things from upstairs and she responded "yes."
 {¶ 5} While upstairs, Mrs. Hopkins and Detective Zianno first went to retrieve clothes from the children's room. While they were upstairs, Zianno asked if there were weapons in the house. Mrs. Hopkins responded that there were, and led the detective into the master bedroom where he saw an open gun case with the weapon partially visible. After returning downstairs with Mrs. Hopkins, Zianno called dispatch and was informed that appellant was a convicted felon and was not allowed to possess firearms.
 {¶ 6} Appellant was arrested and indicted for having a weapon while under a disability. He moved to suppress evidence of the weapon and statements he made to officers after its discovery. The trial court overruled the motion to suppress. Appellant then pled no contest to the charge and was sentenced accordingly.
 {¶ 7} Appellant now appeals his conviction and in a single assignment of error argues that the trial court erred in overruling his motion to suppress. Specifically he argues that his consent to enter the house was not freely given and was only acquiescence to police authority and that Detective Zianno was not lawfully upstairs when he saw the weapon.
 {¶ 8} An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 9} It is undisputed that the officers did not have a warrant to enter appellant's residence. Warrantless entries and searches of residences are presumptively unreasonable under the Fourth Amendment.State v. Nields, 93 Ohio St.3d 6, 15, 2001-Ohio-1291. The burden is on the state to overcome the presumption by demonstrating that the entry fell within one of the well-recognized exceptions to the warrant requirement. Katz v. United States (1967), 389 U.S. 347, 367, 88 S.Ct. 507.
 {¶ 10} One of the established exceptions to the warrant requirement is when an officer's entry is authorized by the voluntary consent of an occupant. Illinois v. Rodriguez (1990), 497 U.S. 177, 180, 110 S.Ct. 2793. The issue of whether consent was freely given is an issue of fact to be determined based on the totality of the circumstances. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 227, 93 S.Ct. 2041.
 {¶ 11} Appellant argues that his consent for the officers to enter the residence was not freely given and was simply acquiescence to police authority. We initially note that this court and other courts have made a distinction between consent to enter a residence and consent to search, and have accordingly applied a lower standard for proving voluntary consent in cases involving an entry into a home to ask questions. E.g.,State v. Gunn, Madison App. No. CA2003-10-035, 2004-Ohio-6665.
 {¶ 12} However, it is unnecessary for us to determine the voluntariness of appellant's consent in this case because it is undisputed that Mrs. Hopkins not only consented to the officers presence in the residence, but asked them to remain in the house while she retrieved personal belongings. It is also undisputed that she accepted Detective Zianno's offer of assistance and that she led him into the master bedroom where he discovered a weapon in plain view. The trial court found Mrs. Hopkins's testimony credible and that Zianno's presence in the bedroom was proper based on her consent. Because the record supports the trial court's determination that Mrs. Hopkins voluntarily consented to the entry into the bedroom where the weapon was discovered, the trial court did not err in denying the motion to suppress.
 {¶ 13} Appellant's sole assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Walsh, J., concur.